Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jared A. Jacobson, Esq.
NJ Attorney ID: 022002005
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
fjrooks@jacobsonrooks.com
(856) 874-8999
(856) 494-1707*fax*                                          Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **GEORGE GOODRITZ** | : No. | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **2701 ASSOCIATES, LLC** | : | |
| | : | **COMPLAINT** |
| | : | |
| Defendant | : | |

<u>**PRELIMINARY STATEMENT**</u>

George Goodritz (the "Plaintiff"), by and through his counsel, brings this lawsuit against

2701 Associates, LLC, seeking all available relief under the Americans with Disabilities

Act and the New Jersey Law Against Discrimination for the failure to comply with the both

Acts' accessibility requirements.

**I.   <u>JURISDICTION</u>**

1.   This action is brought pursuant to the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. § 12101 *et seq*., and the New Jersey Law Against Discrimination

("NJLAD"), <u>N.J.S.A</u>. 10:5-1, *et. seq*.

2.   This civil controversy arises under the laws of the United States, and jurisdiction in

conferred upon this District Court, pursuant to 28 U.S.C. §1331.

3. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction to entertain the State law causes of action brought under the NJLAD.

## II. VENUE

4. All actions complained of herein took place within the jurisdiction of the United States District Court for the District of New Jersey.

5. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III. PARTIES

6. Plaintiff is a 69 year-old adult male who currently resides in Montgomery County, in the Commonwealth of Pennsylvania.

7. 2701 Associates, LLC (the "Defendant") is a limited liability company registered with the New Jersey Division of Revenue and Enterprise Services under entity identification number 0600066851.

8. Defendant has a registered business address of 3501 Boardwalk, Wildwood, New Jersey 08260.

## IV.    STATEMENT OF FACTS

*The Defendant's Parking Facility*

9. According to the City of Wildwood, New Jersey's tax records, Defendant owns the public parking lot located at 3401 Atlantic Avenue, Wildwood, New Jersey 08260 (the "Parking Facility").

10. Defendant operates the Parking Facility under the name, "*Park*." (**See Exhibit A**)

11. The Parking Facility is open to the public.

12. The Parking Facility has more than one-hundred (100) parking spaces.

13. The Parking Facility does not have any identified handicap-accessible parking spaces.

14. There are no parking spaces which contain any handicap-accessible access aisles for a car.

15. There are no parking spaces which contain any handicap-accessible access aisles for a van.

16. None of the parking spaces have any handicap-accessibility signs designating the parking spaces as being handicap accessible.

*The Plaintiff*

17. The Plaintiff is a disabled individual within the meaning of the ADA and the NJLAD.

18. The Plaintiff has difficulty walking.

19. The Plaintiff possesses a handicapped parking placard issued by the Commonwealth of Pennsylvania.

20. The Plaintiff's handicapped parking placard allows him to park in handicap-accessible parking spaces.

21. The Plaintiff is deterred from parking in the Defendant's parking lot because of the lack of handicap-accessible parking places.

## THE AMERICANS WITH DISABILITIES ACT

22. Congress enacted the Americans with Disabilities Act ("ADA") in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

23. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

24. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

25. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

26. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

27. A "public accommodation" are private entities whose operations affect commerce. See 42 U.S.C. § 12181(7).

28. Title III requires that the facilities of a public accommodation be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable." 42 U.S.C. § 12183(a)(1).

29. Discrimination under the ADA includes the failure to remove architectural barriers where such removal is easily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

30. "Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.104.

31. Discrimination, for purposes of a public accommodation, includes "[a] failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities" except where an entity can demonstrate that it is structurally impracticable to meet the requirements set forth by the ADA. 42 U.S.C. § 12183.

32. The restriping/repainting of the parking space borders in relatively inexpensive, and should be readily achievable and easily accomplishable.[1]

*Accessible Parking under the ADA*

33. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for handicap-accessible parking spaces:[2]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2% of the total number of parking spaces |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

---

[1] https://www.ada.gov/restripe.pdf
[2] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282

34. The ADA requires that handicap-accessible parking spaces be at least 96 (ninety-six) inches wide. <u>See</u> Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[3]

35. The width of a parking space is measured from the center of each parking line bordering the parking space.[4] (**See Exhibit A**)

36. For cars, the ADA requires that there be an access isle for the handicap-accessible parking space that is at least 60-inches wide. (**See Exhibit A**)

37. For vans, the ADA requires that there be an access aisle for the handicap-accessible parking space that is at least 96-inches wide.[5]

38. The 1991 ADA regulations require that one in every eight accessible spaces must be van accessible.[6]

39. The 2010 ADA regulations state that one in every six accessible spaces must be van accessible.[7]

40. The path a person with a disability takes to enter and move through a facility is called an "accessible route."[8]

---

[3] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[4] <u>Id</u>.
[5] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#van
[6] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[7] <u>Id</u>.
[8] http://www.ada.gov/regs2010/titleII_2010/title_ii_primer.html

*Signage and the ADA*

41. The ADA standards require the use of the International Symbol of Accessibility ("ISA") to identify parking spaces which are reserved for use by individuals with disabilities.[9] (**See Exhibit B**)

42. Handicap-accessible parking spaces must be designed as "reserved" by a showing the ISA.

43. Directional signage must be used at inaccessible entrances to provide directions to the nearest accessible route.

44. Parking space identification signs shall be 60-inches minimum above the finish floor or ground surface measured to the bottom of the sign.[10]

## THE NEW JERSEY LAW AGAINST DISCRIMINATION

45. The New Jersey Law Against Discrimination ("NJLAD") provides that "[a]ll persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation" without discrimination on the basis of disability. N.J.S.A. 10:5-4.

46. The NJLAD prohibits discrimination on the basis of a disability. N.J.S.A. 10:5-12(a).

47. Under the NJLAD, "'disability' means physical disability, infirmity, malformation or disfigurement which is caused by bodily injury, birth defect or illness including epilepsy and other seizure disorders, and which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, muteness or speech impediment or

---

[9] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1

[10] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device, or any mental, psychological or developmental disability, including autism spectrum disorders, resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental functions or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques." N.J.S.A. 10:5-5(q)(a).

48. The New Jersey Administrative Code provides examples of reasonable accommodations, which include, "[p]roviding accessible entrances, walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps, clear floor paths through lobbies, corridors, rooms, and other areas, parking access aisles, and accessible elevators and lifts." N.J.A.C. 13:13–4.12(a)(8).

49. Under the NJLAD, it shall be an unlawful discrimination for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof. N.J.S.A. 10:5-12.

50. The NJLAD is intended to insure that handicapped persons will have 'full and equal access to society, limited only by physical limitations they cannot overcome'" Franek v. Tomahawk Lake Resort, 333 N.J. Super. 206, 217 (App. Div. 2000).

51. In interpreting the LAD in disability discrimination claims, "federal law has consistently been considered for guidance." Borngesser v. Jersey Shore Med. Ctr., 340 N.J. Super. 369, 380 (App. Div. 2001).

52. Under the NJLAD, damages are available for "[t]he personal hardships include:
economic loss; time loss; physical and emotional stress; and in some cases severe
emotional trauma, illness, homelessness or other irreparable harm resulting from the
strain of employment controversies; relocation, search and moving difficulties;
anxiety caused by lack of information, uncertainty, and resultant planning difficulty;
career, education, family and social disruption; and adjustment problems, which
particularly impact on those protected by this act." N.J.S.A. 10:5-3.

## COUNT I –

## FAILURE TO PROVIDE HANDICAP-ACCESSIBLE PARKING SPACES

53. All preceding paragraphs are hereby incorporated by reference as if fully set forth
herein.

54. The United States Supreme Court recognized the term "major life activities" includes
walking.  Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

55. The major life activity that the constitutes the Plaintiff's disability is his difficulty
walking distances.

56. Defendant failed to provide any parking spaces that were designated as "handicap
accessible" at the Parking Facility.

57. Defendant failed to provide any parking spaces for cars which had a 60-inch wide
adjacent access aisle.

58. Defendant failed to provide any handicap accessible parking spaces for vans with an
accompanying 96-inch wide adjacent access aisle.

59. The Parking Facility's failure to provide handicap-accessible parking spaces has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

60. The Defendant can remedy its non-compliance with the ADA's parking requirements by designating available non-handicap-accessible spaces as handicap-accessible space for a car.

61. The Defendant can remedy its non-compliance with the ADA's parking requirements by designating non-handicap-accessible spaces as handicap-accessible space for a van.

62. Compliance with the handicap parking space requirements at the Parking Facility is readily achievable.

63. The Defendant has discriminated against the Plaintiff by its failure to comply with the ADA.

64. The Defendant's failure to comply with the ADA and NJLAD has created a hardship for the Plaintiff.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendant to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendant as the Court deems just and proper.

## COUNT II -

## FAILURE TO COMPLY WITH THE SIGNAGE REQUIRMENTS FOR ACCESSIBLE PARKING

65. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

66. The Parking Facility does not have any handicap-accessible parking signs.

67. The Parking Facility does not have any van-accessible handicap-accessible parking signs.

68. The Defendant can remedy its non-compliance by installing signs with the International Symbol of Accessibility for the parking spaces that it designates as being handicap-accessible.

69. The Defendant has discriminated against the Plaintiff by its failure to comply with the handicap-accessible parking requirements of the ADA and the NJLAD.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendant to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendant as the Court deems just and proper.

Respectfully submitted,

By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jared A. Jacobson, Esq.
NJ Attorney ID: 022002005
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorneys for Plaintiff*
Dated: July 18, 2017

## **CERTIFICATE OF SERVICE**

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF

system.


By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jared A. Jacobson, Esq.
NJ Attorney ID: 022002005
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorneys for Plaintiff*
Dated: July 18, 2017

**EXHIBIT A**



## EXHIBIT B

(Source:https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#spaces)



**Access Aisle (§502.3)**
*An access aisle at least 60" wide and at least as long as the parking space is required on either side of the parking space and must be marked to discourage parking in it. Two spaces can share one aisle. Access aisles cannot overlap vehicular ways.*

**Vehicle Spaces (§502.2)**
*Spaces must be marked to define the 96" minimum width.*

full length of parking space

96" min | 60" min | 96" min

**Surfaces (§502.4)**
*Parking spaces and access aisles must meet requirements for floor and ground surfaces (§302) and cannot have changes in level other than slopes not exceeding 1:48.*

**Markings (§502.1, §502.2, §502.3.3)**
*Both the parking space and access aisle must be marked. The marking method and color is not specified in the Standards, but may be addressed by state or local codes or regulations. The width of spaces and aisles is measured to the centerline of markings (but it can include the full width of lines where there is no adjacent parking space or aisles).*

**EXHIBIT C**



Figure 3B-22.  International Symbol of
Accessibility Parking Space Marking

Height of symbol:
Minimum = 28 inches
Special = 41 inches

Width of symbol:
Minimum = 24 inches
Special = 36 inches

*Stroke width:
Minimum = 3 inches
Special = 4 inches

Note: Blue background and
white border are optional